<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**AARON WEST**,

                Plaintiff,

                v.

**EEOC**,

                Defendant.

Civil Action No. 23-1004 (ZNQ) (JBD)

**OPINION**

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Aaron West ("Plaintiff') together with Plaintiff's Complaint against Defendant EEOC. (ECF Nos. 1, 4, 7, 9.) For the reasons stated below, Plaintiffs Complaint will be **DISMISSED** without prejudice. Plaintiff will be given thirty (30) days within which to file an amended complaint with a renewed application to proceed *in forma pauperis.*

**I.     BACKGROUND**

      The following facts are taken from the Complaint and accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

      Plaintiff filed his Complaint on or about February 19, 2023, using a form for a complaint for employment discrimination that asked him to provide information as to the nature of his claims. (ECF No. 1 at 1–5.) The Complaint is very sparse. Plaintiff inserted "Eeoc" in the form's caption but did not identify the EEOC as one of the defendants in the relevant section of the form. For the section of the form asking for the basis for this Court's jurisdiction, Plaintiff checked boxes provided for Title

VII of the Civil Rights of 1964 and the Age Discrimination Act of 1967. (*Id*. at 2.) Plaintiff, however, left blank the section of the form asking him to identify the alleged discriminatory conduct (*Id*. at 6.) In the section asking Plaintiff's recollection of the alleged discriminatory acts, he responded "I want to mediation." (Id.) Later on the same page, he wrote in that Defendant discriminated against him based on speech. (*Id*.)

Plaintiff also filed several applications to proceed *in forma pauperis*. (ECF Nos. 1-1, 4, 7, 9.) The first application, filed along with his Complaint, has many blank sections but Plaintiff states "I got no income." (ECF No. 1-1 at 1-5.) In the second application, dated March 1, 2023, Plaintiff fills in the blank sections and states "I got no income and no job." (ECF No. 4.) It also asserts that he receives no public benefits, and has no assets, and yet on the section of the form where Plaintiff is asked to estimate his "average monthly expenses" for "insurance," Plaintiff writes that he pays $1,200.00 per month on "Rent." (ECF No. 4 at 1–5.) In the third application, dated June 6, 2023, Plaintiff states that he earns $1,600.00 per month from employment at R&M in Beachwood, New Jersey; has $250.00 in a checking account at Chase Bank; owns a 2018 Malibu vehicle; and has average total monthly expenses of $1,937.00. (*See* ECF No. 7 at 1–5.) His fourth application is merely a second copy of his third application. (ECF No. 9.)

II.     **LEGAL STANDARD**

    A.     **IN FORMA PAUPERIS**

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(l); *Glenn v. Hayman,* Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dept of Corr.,* Civ. No. 18-7597, 2018 WL 2994413, at *1

(D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. US. Dep't of Homeland Sec.,* Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b )(6).").

### B. FAILURE TO STATE A CLAIM

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

The general rules of pleading are set forth in Federal Rule of Civil Procedure 8, which requires that a complaint contains:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### III.   DISCUSSION

#### A.   *IN FORMA PAUPERIS* APPLICATION

The Court is troubled by the contradictory representations in the several *in forma pauper* applications submitted by Plaintiff that are all sworn under "penalty of perjury." For example, in his application submitted on March 1, 2023, Plaintiff represented that he has not been employed in the past two years and has no income. (ECF No. 4 at 2.) However, in his application on June 6, 2023, Plaintiff represents that he was employed by USPS from October through December 2022 and is currently employed by R&M. (ECF No. 7 at 2.) There are many other significant differences between what Plaintiff has submitted, including as to his ownership of a vehicle, expenses, and savings, that lead the Court to question Plaintiffs candidness. *See Rockefeller v. New Jersey*, Civ. No. 07-1878, 2007 WL 2363744, at *1 (D.N.J. Aug. 16, 2007) ("The Court will deny the Application. The plaintiff fails to show entitlement to in-forma-pauperis relief, as his statements here and in the Separate Action are self-contradictory."); *Regan v. I.R.S.,* Civ. No. 93-4793, 1993 WL 388286, at *1 (E.D. Pa. Sept. 22, 1993) ("[T]here are contradictions in plaintiff's motion to proceed in forma pauperis and his complaint which lead me to conclude that plaintiff is not being candid with regard to his allegation of poverty."). In any event, because the Court dismisses the

4

Complaint without prejudice for the reasons stated below, it will not now decide Plaintiff's application to proceed *in forma pauperis*. *See Brown v. Sage,* 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *Karupaiyan v. Woodbridge Twp. of N.J.,* Civ. No. 21-19737, 2022 WL 18859991, at *1 (D.N.J. Aug. 19, 2022), *aff'd sub nom. Karupaiyan v. Twp. of Woodbridge,* 2023 WL 2182375 (3d Cir. Feb. 23, 2023) ("[T]he Court dismissed Plaintiff's Complaint but permitted him to re-plead his claims . . . . Accordingly, the Court made no determination as to whether Plaintiffs monthly income rendered him eligible for proceeding IFP.").

**B.   REVIEW OF COMPLAINT**

Even viewed in its best light, the Complaint is alleging that Plaintiff was discriminated against because of the way he speaks, but it provides no factual detail as to when or how he suffered the discrimination nor how the EEOC was involved, if at all.[1] Such a spartan pleading prevents the Court, as well as Defendant, from determining whether what is alleged is more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health,* 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the ... claim is and the grounds upon which it rests.'" ( citation omitted)). Without more, the Court cannot conclude that the Complaint as presently formulated rises above mere frivolity or maliciousness, or adequately states a claim upon which relief can be granted. The Court therefore finds that the Complaint is deficient under Rule 8 and does not presently state a claim under Rule 12(b)(6).

---

[1] For obvious reasons given the allegations of discrimination, the Court suspectgs that Plaintiff does not wish to sue the EEOC so much as seek some sort of relief for discrimination from the EEOC.

For these reasons, the Court will sua sponte dismiss the Complaint without prejudice. Given that Plaintiff is proceeding pro se, and because a more comprehensive statement may reveal legitimate grounds for relief, Plaintiff will have thirty (30) days to file an amended complaint in conformity with pleading requirements and to renew any in forma pauperis application.

## IV.   CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint (ECF No. 1) without prejudice and grant leave to amend within 30 days.  An appropriate Order will follow.


Date: **August 8, 2024**

                                           s/ Zahid N. Quraishi
                                           **ZAHID N. QURAISHI**
                                           **UNITED STATES DISTRICT JUDGE**